FILED
MAR 2 1 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT STEVENS,

    Petitioner,

v.

JERRY STERNES,

    Respondent.

Case No. 04 C 3588

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Stevens filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 (the "Motion").

### I. BACKGROUND

On September 1, 1993, following a bench trial in circuit court, Robert Stevens was convicted of aggravated criminal sexual assault and sentenced to two concurrent 25-year terms. On September 30, 1993, defense counsel filed a notice of appeal, but the record on appeal was never prepared or filed. On November 24, 1999, the appellate court affirmed Stevens' conviction. Stevens did not file a petition for leave to appeal ("PLA") in the Illinois Supreme Court.

On July 9, 1996, Stevens filed a petition for post-conviction relief in the circuit court with one ground -- he was deprived of his Sixth and Fourteenth Amendment rights by counsel's failure to perfect his appeal. On December 4, 1998, the circuit court dismissed Stevens' petition as moot. Stevens filed an appeal

arguing that the trial court erred because his counsel failed to comply with Illinois Supreme Court Rule 651(c). During the appeal, the State confessed error, noting that the record did not reflect that appointed counsel had complied with Rule 651(c). The case was then remanded to the circuit court.

After counsel complied with Rule 651(c), the circuit court summarily dismissed the petition on August 22, 2002. Stevens appealed and a state appellate defender ("post-conviction appellate counsel") was appointed on September 6, 2002. Subsequently, post-conviction appellate counsel moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), finding no appealable issues to raise. On October 10, 2003, the appellate court granted post-conviction appellate counsel's motion to withdraw, and affirmed the circuit court's judgment.

Stevens then filed a timely PLA with the Illinois Supreme Court regarding his post-conviction appeal. Stevens raised one issue: his case should be remanded to allow counsel to comply with Supreme Court Rule 651(c) or to file an amended petition setting forth a meritorious claim. On January 28, 2004, the Illinois Supreme Court denied Stevens' PLA.

Stevens filed the instant Motion with the Court on May 24, 2004 raising two new grounds for habeas relief: (a) the post-conviction appellate court misapplied the law when it allowed his

post-conviction appellate counsel to withdraw, and (b) ineffective assistance of counsel on his post-conviction appeal.

## II. DISCUSSION

A state-court prisoner can petition the federal courts for habeas relief under § 2254. To have a cognizable claim, a petition must show that his custody is in violation of the U.S. Constitution, laws, or treaties. See Steward v. Gilmore, 80 F.3d 1205, 1214 (7th Cir. 1996). A petitioner waives the right to federal review of his constitutional claims if they are procedurally defaulted, unless the petitioner can demonstrate adequate cause for the failure to raise the claim and adequate prejudice. See Farrel v. Lane, 939 F.2d 409, 410-11 (7th Cir. 1991).

### A. Withdrawal of Post-Conviction Appellate Counsel

Stevens first argues that the post-conviction appellate court misapplied Illinois law and violated the Sixth Amendment when it allowed his post-conviction appellate counsel to withdraw. Stevens' citation to Castellanos v. United States, 26 F.3d 717, 718 (7th Cir. 1984), is distinguishable because it considered the failure to perfect a *direct appeal* and not a post-conviction appeal. A prisoner has no constitutional right to counsel for post-conviction appellate proceedings. See Finley, 481 U.S. at 556-57. Accordingly, Stevens does not have a habeas claim based upon the withdrawal of his post-conviction appellate counsel.

## B. Ineffective Assistance of Counsel

Stevens also claims that he received ineffective assistance of counsel in his post-conviction appeal because post-conviction appellate counsel failed to address his trial counsel's visible errors and failed to work with Stevens.

In assessing a habeas petition, a district court must make two inquiries. First, the court determines whether the petitioner has exhausted all available state remedies and, second, whether the petitioner raised all his claims during the course of the state proceedings. *See Farrel,* 939 F.2d at 411. When a petition has procedurally defaulted on a claim, a federal court will only review such defaulted claims if the petitioner shows actual cause for the failure and resulting actual prejudice. *See Gray v. Netherland,* 518 U.S. 152, 162 (1996); *Farrel,* 939 F.2d at 411.

Stevens now raises a new ineffective assistance of counsel claim for the first time -- post-conviction appellate counsel's failure to recognize "visible" trial counsel errors, such as failure to call witnesses, and failure to work with him. As discussed, the only issue raised in Stevens' PLA was remand to comply with Rule 651 or filing an amended complaint to set forth meritorious claim.

Similarly, in *Spreitzer v. Schomig,* 219 F.3d 639 (7th Cir. 2000), the Seventh Circuit held that a habeas petitioner failed to exhaust state remedies. The Seventh Circuit held that the

petitioner, who raised an ineffective assistance claim at his first post-conviction hearing, but changed tactics on appeal before reasserting ineffective assistance in his habeas corpus petition, failed to exhaust state remedies because he "did not present the complaints that he raised in his federal habeas corpus petition to the Illinois Supreme Court." *Id.* at 645.

Likewise, because he failed to provide the state court a full and fair opportunity to review the new ineffective assistance claim, Stevens failed to exhaust his state remedies. Stevens has not demonstrated that he meets an exception to procedural default, *see Gray*, 518 U.S. at 162, and accordingly his ineffective counsel claim is procedurally defaulted. Additionally, there is no constitutional right to effectiveness of counsel in post-conviction hearings. *See Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998). Accordingly, Stevens' constitutional rights were not violated due to ineffective assistance of his post-conviction appellate counsel.

### III. CONCLUSION

For the reasons stated herein, Petitioner Robert Sternes' Motion is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 21, 2005